ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 21, 2014

The Honorable Tan Parker
Chair, Committee on Corrections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1052

Re: Implementation of Senate Bill 1678, relating
to the Major Events Trust Fund
(RQ-1159-GA)

Dear Representative Parker:

You inquire whether the "Comptroller of Public Accounts must give full application to certain amendments to the Major Events Trust Fund [("METF")] statute made by [Senate Bill] 1678."[1] Specifically, you ask:

> 1) Is it clear that the Legislature chose a specific venue for an annual event to be included in the METF?
>
> 2) Does the Comptroller have sufficient authority to promulgate rules implementing S.B. 1678 immediately under applicable state laws? If so, should the Comptroller promulgate rules to implement this "largest venue" provision?

Request Letter at 5.

The METF statute, contained in section 5A, article 5190.14 of the Texas Revised Civil Statutes, provides a funding mechanism by which the Comptroller of Public Accounts may expend funds for costs associated with the holding of an "event." *See* TEX. REV. CIV. STAT. ANN. art. 5190.14, § 5A(d), (f) (West Supp. 2013) (providing for a trust fund for an event with a portion of the projected incremental increase in local tax receipts attributable to the event). The term "event" is defined by an extensive list of specific sporting, entertainment, and political events. *Id.* § 5A(a)(4). An event must be listed in the definition of "event" to be eligible for funding under the METF. *Id.* §5A(a-1). The inclusion of an event in the definition does not by itself make the event eligible for funding: Section 5A(a-1) expressly provides that "[a] listed event may receive funding under this section only if" the

---

[1]*See* Letter from Honorable Tan Parker, House Comm. on Corrs., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 21, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

event satisfies certain requirements, two of which involve the work of a site selection organization. *Id.* § 5A(a-1)(1)–(2).   A "site selection organization" is defined to include a list of governing or administrative bodies relating to the various events.[2] *Id.* § 5A(a)(5); *compare id.* § 5A(a)(4) (defining "event" to include a Super Bowl and a National Collegiate Athletic Association Final Four tournament game), *with id.* § 5A(a)(5) (defining "site selection organization" to include the National Football League and the National Collegiate Athletic Association).

Senate Bill 1678 added three items to the definition of "event": "the X Games," "a mixed martial arts championship," and "the largest event held each year at a sports entertainment venue in this state with a permanent seating capacity, including grandstand and premium seating, of not less than 125,000" (the "largest event"). *Id.* § 5A(a)(4).   Senate Bill 1678 did not amend the definition of "site selection organization" to add any governing or administrative bodies relating to the three new events. *See generally id.* § 5A(a)(5).   By the terms of the amended statute, an event generally is not eligible for METF funding unless all four requirements in subsection (a-1) are met. *Id.* § 5A(a-1). Senate Bill 1678 exempts one new event—the largest event—from the eligibility requirement of (a-1)(1), which involves a site selection organization. *See id.* § 5A(a-2).   But the bill does not exempt the largest event from the other eligibility requirements in subsections (a-1)(2)–(4), including (a-1)(2). *See id.* § 5A(a-1)(2)–(4).   Thus, the statutory requirement that a site selection organization select for the event a sole site in this state or region remains in place. *Id.* § 5A(a-1)(2).   Without such a selection by a site selection organization, an event cannot satisfy subsection (a-1)(2) and thus is ineligible for METF funding.   Moreover, the Comptroller's fund disbursement responsibilities and duties are directly limited by the eligibility requirements and the documentation responsibilities of a site selection organization. *See id.* § 5A(p) (providing that "[t]he comptroller may not undertake any of the responsibilities or duties set forth in this section unless" the event meets the funding requirements including those in subsection (a-1), and the request is accompanied by documentation from a site selection organization).

Your first question is, in essence, about the Legislature's intent in enacting Senate Bill 1678 to choose "a specific venue for an annual event to be included in the METF." Request Letter at 5.   In statutory interpretation, courts seek to effectuate the Legislature's intent but are nonetheless constrained by the language of the enactment. *See Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 493 (Tex. 2013) ("A fundamental constraint on the court's role in statutory interpretation is that the Legislature enacts the laws of the state and the courts must find their intent in that language and not elsewhere."); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 453 (Tex. 2012) (noting that the "intent of the Legislature is derived from the language it finally enacted").   Further, in construing statutes, courts look to the whole of the statute, not just isolated provisions. *See Tex. Mut. Ins. Co.*, 381 S.W.3d at 454 (stating that "[L]egislative intent emanates from the [statute] as a whole, and not from one isolated provision").   Despite the Legislature's apparent selection of a particular venue for the largest event, when considered as a whole, as explained above the language of article 5A as amended by Senate Bill

---

[2]The METF statute contemplates that a site selection organization will select a site in the state pursuant to an application from a local entity.   TEX. REV. CIV. STAT. ANN. art. 5190.14, §§ 5A(b) (West Supp. 2013) (prescribing Comptroller of Public Account duties if site selected pursuant to local initiation), 5A(a)(1) (defining "endorsing county"), 5A(a)(2) (defining "endorsing municipality); *see also* Tex. Att'y Gen. Op. No. GA-0931 (2012) at 1–2.

1678 requires that an "event" at that venue must still satisfy specified eligibility requirements in order to receive METF funding.

Your primary legal question is your second question concerning the Comptroller's authority. *See* Request Letter at 5. You suggest the Comptroller, through the adoption of rules, may provide a mechanism for the largest event to benefit from METF funding despite the fact that the Legislature has not designated a site selection organization for the event. *See id.* at 3–4. You argue that the rulemaking process is the appropriate method to determine how the site selection organization duties are to be carried out satisfactorily. *See id.* at 4.

An administrative agency has only those powers expressly conferred and those necessarily implied to accomplish its express duties. *Tex. Natural Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 377–78 (Tex. 2005); *see generally* TEX. CONST. art. IV, § 23 (requiring the Comptroller of Public Accounts to perform duties required by law), TEX. GOV'T CODE ANN. §§ 403.001–.455 (West 2013 & Supp. 2013) (governing the Office of the Comptroller of Public Accounts). An agency may only adopt rules that "are authorized by and consistent with its statutory authority." *Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008). The power to adopt rules, however, is not the power to make laws but only to adopt regulations to carry the statute into effect. *Cf.* TEX. CONST. arts. II, § 1 (separating executive, judicial, and legislative powers), III, § 1 (vesting legislative power in the Legislature). Furthermore, "[a]n agency may not, however, exercise what is effectively a new power, or a power contradictory to the statute, on the theory that such power is expedient for administrative purposes." *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001).

Here, the Comptroller has express authority to "adopt rules necessary to implement [section 5A]." TEX. REV. CIV. STAT. ANN. art. 5190.14, § 5A(v) (West Supp. 2013); *see also* 34 TEX. ADMIN. CODE §§ 2.100–2.205 (2013) (Comptroller of Public Accounts). Yet, that general authority is likely insufficient to remedy the Legislature's failure to designate a site selection organization that corresponds to the largest event. The statute cannot be remedied by using administrative rulemaking to reassign site selection organization duties because the involvement of a site selection organization is a statutory eligibility requirement as well as a direct statutory limit on the Comptroller's authority to perform disbursement duties. The Legislature could have designated a site selection organization for the largest event, as it has for other events. It did not do so. If the Legislature wishes to make the largest event eligible for METF funding, it must amend the statute.[3]

Although we have not been provided with language of a proposed rule to consider, any rule purporting to bypass the site selection organization involvement required by article 5190.14, section 5A(a-1)(2) would be directly contrary to the language of the statute. The Comptroller's Office has authority to adopt rules to implement Senate Bill 1678, but that does not include authority to adopt a

---

[3]It appears the defect in the statute was discovered during the same legislative session in which Senate Bill 1678 was adopted. *See* Tex. S. Con. Res. 48, 83rd Leg., R.S. (2013) (Introduced) (adding the National Association for Stock Car Auto Racing to the definition of site selection organization). The resolution designed to remedy the defect failed to pass.

rule that is contrary to the statute. *See generally R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 624–25 (Tex. 2011).

## S U M M A R Y

While the Comptroller of Public Accounts is expressly authorized by article 5190.14, section 5A(v) of the Revised Civil Statutes to adopt rules to implement the Major Events Trust Fund statute, such authority does not include authority to adopt a rule that is contrary to the language of the statute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee